[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is an appeal from the decision of the Board of Zoning Appeals of the City of New Haven granting a special exception allowing a day-care facility and administrative office space to operate from the former elementary school building and convent of St. Michael's Church Corporation.
On May 25, 1994 the defendant City of New Haven Child Development Program submitted an application for a special exception to operate a children's day-care center by converting an existing elementary school classroom building to a day-care facility and an existing convent to day-care administrative offices. The two buildings were located on the property of an institution known as St. Michael's Church in the City of New Haven. A public hearing on the application was conducted on July 19, 1994. At this hearing plaintiff expressed concern and provided some evidence that the proposed project would have a deleterious effect on the development of traffic congestion in the area.
At that hearing, Gary Garibaldi, a member of the defendant board voted on the application. Mr. Garibaldi was a parishioner who regularly attended church services and had made financial contributions to St. Michael's Church Incorporated, the owner of the property. On December 19, 1994 the board voted unanimously to approve the defendant's application. CT Page 4484
Plaintiff's Exhibits C(1), C(2) and C(3) are three assessor's street cards related to property belonging to the St. Michael's Church Corporation. Plaintiff's Exhibit C(1) concerned property at 234 Greene Street commonly referred to as St. Michael's Hall. St. Michael's Hall appears to be covered by the lease between the parish and the city but was not included in the request for a special exception which is before this court. St. Michael's Hall is on a parcel of land identified as block 551, map 208, parcel 00204. That assessor's card contains a notation "1992 parcels 2.5 on Crest Street combined with this parcel."
Exhibit C(2) concerns property located at 264 Greene Street commonly known as St. Michael's Convent. This property is shown on assessor's block 0551, map 208, parcel 00200.
The property shown on plaintiff's Exhibit C(3) is located at 240 Greene Street and is commonly known as St. Michael's School. This property is shown on block 0551, map 208, parcel 00203 and contains a notation "1992 this parcel combined with parcels 2.01 plus 2.02 per owner's request."
DISCUSSION
 1. Aggrievement
The plaintiff has alleged and proved that he is an abutting landowner and accordingly he is statutorily aggrieved in accordance with § 8-8 (a).
 2. Is the use of the convent as administrative office space a permitted accessory use to the use of the school as a nursery school?
These properties are located in a RM-2 zoning district of the City of New Haven. The RM-2 district is a residential district. Day-care facilities are permitted in the RM-2 district by special exception. Administrative offices are not permitted in the RM-2 district although the district permits uses accessory to permitted uses.
The following definitions contained in the New Haven Zoning Code are essential to an understanding and decision of this matter.
 "Use accessory: a use located on the same lot with a principal use, and clearly incidental or CT Page 4485 subordinate to and customary in connection with, the principal use.
 Building, accessory: a building located on the same lot as a principal building and devoted or intended to be devoted to an accessory use. Any portion of a principal building devoted or intended to be devoted to an accessory use is not an accessory building.
 Lot: a parcel of land in the same ownership, or any part thereof designated by its owner or owners as a separate lot. For purposes of this ordinance, a lot may or may not have boundaries identical with those shown on the New Haven land records.
 Contiguous parcels occupied or proposed to be occupied entirely by public and institutional uses may be considered to make up a single lot whether under the same ownership or not, if joint application for building permits is made by all the owners of such parcels."
The Supreme Court has held in the leading case of Lawrence v.Zoning Board of Appeals 158 Conn. 509, 513-514 as follows:
 ". . . it became the duty of the zoning board of appeals to decide, within prescribed limits and consistent with the exercise of a legal discretion, the application of the ordinance to the instant facts [citations omitted] because the board was determining the reasonableness of the decision of the zoning enforcement officer, it was acting administratively in a quasi-judicial capacity in applying the regulations. [Citation omitted.] Even though the board was not acting in a legislative capacity as would a zoning commission in making a change of zone, nevertheless its determination of the applicability of the ordinance, as we have construed it, to Lawrence's situation lay within its sound discretion [citations omitted.] In applying the law to the facts of a particular case, the board is endowed with a liberal CT Page 4486 discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." [Citations omitted.]
On the record before it the court is unwilling to disturb the conclusion of the New Haven Board of Zoning Appeals that the use of the convent for administrative office space is accessory to the day-care center. However, while the court notes that the definition of lot allows a lot for purposes of zoning to be different from a lot as shown on the New Haven land records, nothing in the definition says that a lot may be different from a lot as shown on the New Haven assessor's records. As previously stated, in 1992 the church combined parcels 2.01 and 2.02 to produce the parcel which is now the school site. Similarly in 1992, the church combined parcels 2.5 on Crest Street with parcel 2.4 to produce the lot which contains St. Michael's Hall. Unfortunately there is no indication that the church has ever combined the convent site with the school site. Since Exhibit C(3) appears to indicate that an owner may combine parcels at the owner's request, apparently without the need for recording deeds on the land records, it would appear that St. Michael's Church Corporation has the right to request the assessor to combine the convent parcel with the school parcel. There is no evidence that such a combination has been requested or accomplished. Faced with this, it appears to the court that the day-care center is located on one parcel and the claimed accessory use is located on a separate parcel. This is permitted neither by the case law nor by the zoning code of the City of New Haven. Accordingly, the granting of this permit violates the zoning code of the City of New Haven and the appeal is sustained.
3. Participation by commission member Garibaldi.
Anticipating the probability of future action at this site, the court deems it appropriate to rule on the participation in this matter by commission member Garibaldi. Although in no manner impugning the motives of Mr. Garibaldi, it is the opinion of the court that Mr. Garibaldi had an indirect personal interest in the matter which made him ineligible to participate in accordance with the provisions of Connecticut General Statutes § 8-11. The court notes that Mr. Garibaldi participated somewhat extensively and on occasion argued with the plaintiff Marcarelli. See Transcript page 42 at line 13, page 46 at line 23, page 48. Nevertheless Connecticut has not adopted a per se rule of invalidation of an CT Page 4487 agency's action. Where a required majority exists without the vote of the disqualified member, his presence will not necessarily invalidate the agency's decision. Murach v. Planning and ZoningCommission, 196 Conn. 192, 201-202 (1985). Material prejudice must be shown before setting aside the board's decision. Murach at 205. In the instant case, the board's vote was 5-0 in favor of the permit. The court finds no statement by Mr. Garibaldi which it regards as an attempt to influence or sway the other members of the commission. It is the plaintiff's burden to show such an attempt.Murach at 204. Accordingly, while the court finds that Mr. Garibaldi should not have participated, the court would not reverse the matter because of his participation based upon the principals enunciated in Murach.
Equally relevant to the question of Mr. Garibaldi's participation is the question of whether or not his participation should have been objected to at the hearing. The court finds that the plaintiff was aware of Mr. Garibaldi's relationship to St. Michael's Parish. At least one commentator has held:
 "There is a waiver of a disqualification claim which is known to the applicant and not raised at the public hearing." Fuller, Land Use Law and Practice, § 20.5, at page 349 citing Fletcher v. Planning and Zoning Commission of the Town of Greenwich, 158 Conn. 497, 505, 506 (1969).
The court recognizes that the Fletcher case involved a represented client and that in the instant case Mr. Marcarelli was pro se. However, the court also recognizes that Mr. Marcarelli is an attorney. Accordingly, it finds reason to apply the rule ofFletcher in this situation. If Garibaldi's participation were the sole matter of concern to the court, the court would find that any objection to his participation had been waived because of the failure to raise it at the hearing.
4. Procedural arguments and reasons.
The court finds that the board's reasons for granting the exception use are sufficient to support its actions. The court finds no merit to the plaintiff's claims concerning scheduling and notice of hearings. Additionally, since the court has already sustained the appeal, it finds no reason to explore the claims concerning scheduling and notice in any greater detail. CT Page 4488
5. The use of St. Michael's Hall.
The facts before the court indicate that the property located at 234 Greene Street, known as St. Michael's Hall, is included in the lease between the parish and the city. The property appears not to have been included in the application for the special permit. Since the property was not in the application the use of the property is not before this court at this time. However, it would appear if the matter were reconsidered that the question of whether the hall is part of the project should be addressed specifically by the board of appeals.
Because the court holds that the convent property and the school property are separate lots within the meaning of the New Haven zoning code, the court holds that the administrative office use is not a permissible accessory use under the code and the appeal is sustained.
The court by,
Kevin E. Booth, Judge